IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND.

| | | |
|---|---|---|
| JANET NGOBIRI | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No. **8:23-cv-02365** |
| SHOPPERS FOOD WAREHOUSE CORP. | * | |
|     Defendant. | * | |

*************************************************************************

**PLAINTIFF'S RESPONSE IN OPPOSSITION TO THE PETITION FOR REMOVAL AND REQUEST TO REMAND**

INTRODUCTION.

The plaintiff filed this action in the Circuit Court of Prince George's County Maryland for negligent and personal injury in respect of a premises liability matter. The plaintiff, Janet Ngobiri alleges that on or about September 22, 2020, she was a prospective paying customer in the defendant's Store # 2635 at 806 Largo Center Drive, Largo, MD 20774, a place of public accommodation in the State of Maryland, when she slipped and fell, in a pool of spilt liquid, which appeared like groundnut or some other kind of cooking oil in one of the store's aisle. The defendant petitioned this court to remove the case to the United States District Court and filed a Removal Notice.

BRIEF STATEMENT OF FACTS.

The defendant Shoppers Food Warehouse Corp. is an entity with its Headquarters in the State of Minnesota. A quick research reveals that the company is also incorporated in the State of Maryland[1] and doing business as a grocery Store in the State of Maryland with its place of business in the State of

---

[1] See Exhibit 1- Printout extract from the Maryland State Department of Assessment and Taxation's Corporation Charter database.

Maryland. This Defendant is the owner and operator of the grocery Store # 2635 at 806 Largo Center Drive, Largo, MD 20774, and many other similar stores spread all over the state of Maryland.

On or about September 22, 2020, plaintiff was a prospective paying customer in the defendant's Store # 2635 at 806 Largo Center Drive, Largo, MD 20774, when she slipped and fell in a pool of spilt liquid, which appeared like groundnut or some other kind of cooking oil in one of the store's aisle.

DISCUSSION.

The issue for consideration by the court is whether the case should be remanded to the Circuit Court of Prince George's county where the case was originally filed by the plaintiffs.

The plaintiffs contend that the defendant has not met the burden of showing that this is a case that validly can be removed to the federal court. While the case meets the ad damnum amount threshold for federal courts cases, there is no federal question in the matter and there is no diversity of citizenship in the matter.

The case was properly filed against the defendant in the Circuit Court of Prince George's County. As exhibit 1 reveals this case is also incorporated in Maryland and cannot claim to be a 'citizen' of any state more that the State of Maryland. Under 28 U.S.C., Section 1441 (c) 1 this company is deemed to be a Maryland citizen as much as it may be a citizen of any other State where it is incorporated or where it is Headquartered.

Plaintiff also refers the court to <u>Shoppers Food Warehouse v. Moreno, 746 A.2d 320 (D.C. 2000)</u>. In that District of Columbia's case involving this same defendant, it asserted that it was a Maryland company in

order to avoid submitting to the jurisdiction of the District of Columbia courts. The Defendant cannot approbate and reprobate.

As stated in the statement of facts above, while the defendant is, from all information and belief, headquartered in the State of Minnesota, and may be incorporated in that state and/or any other; the defendant is also incorporated in this State of Mayland and does business all over this State, has many stores here and a sizable foothold in this State. In short, defendant is a Maryland person and diversity is lacking in this matter to warrant a removal to federal court.

**CONCLUSION.**

For the reasons stated in the response and opposition to removal, the defendant Shoppers Food Warehouse Corp., has not met its burden of showing that this case involves Diversity of Citizenship. There is also no federal question that would give the United States District Court subject matter jurisdiction over the matter. The United States District Court therefore has no jurisdiction on the grounds of diversity or any other grounds. The United States District Court should therefore remand the case to the Circuit Court of Prince George's County, Maryland where the case was originally filed.

                                              Respectfully Submitted,

Hope Umana, Esq. Bar # : 15430  
HUMANA LAW FIRM, PLLC  
8630 Fenton Street, Suite 126  
Silver Spring, MD 20910  
(301) 587-0090  
(301) 587-5540

Hope@Humanalaw.com<br>Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 1st day of September 2023, a copy of the foregoing motion to remand was served by United States mail, first class postage pre-paid and e-served on: Christopher Dunn, Esq., DeCaro, Doran, et al, 17251 Melford Boulevard, Suite 200, Bowie, MD 20715.

_____<br>HOPE UMANA, ESQ