IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| JANET NGOBIRI, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLS-23-02365 |
| SHOPPERS FOOD WAREHOUSE CORP., | * | |
| Defendant. | * | |

* * *

**MEMORANDUM OPINION**

This matter has been assigned to me to conduct all further proceedings pursuant to 28 U.S.C. § 636(c) and with the consent of the parties. (*See* ECF Nos. 9, 16, 17).

Pending before this Court is a "Plaintiff's Response in Opposition (sic) to the Petition for Removal Request to Remand," filed by Plaintiff Janet Ngobiri ("Plaintiff"), which the Court will liberally construe as a motion to remand. (ECF No. 8, "Motion to Remand"). Defendant Shoppers Food Warehouse Corp. ("Defendant") has filed "Defendant's Opposition to Plaintiff's Motion to Remand." (ECF No. 13, "Opposition"). Plaintiff has replied. (ECF No. 22). The matter has been fully briefed, thus the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, Plaintiff's Motion to Remand is **DENIED.**

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On August 7, 2023, Plaintiff filed suit in the Circuit Court for Prince George's County, Maryland against Defendant alleging negligence. (ECF No. 2, "Complaint"). The claim stems from Plaintiff's alleged accident on or about September 22, 2020 at Defendant's store located in Largo, Maryland. (*Id.*). Plaintiff alleges that she has sustained injury and incurred damages as a

result of the Defendant's negligence. (*Id.*).

On August 29, 2023, Defendant filed an Answer to the Plaintiff's Complaint in the Circuit Court. (ECF No. 3). Simultaneous to the filing of its Answer on August 29, 2023, Defendant filed a "Petition for Removal" ("Removal Petition") in the District of Maryland. (ECF No. 1). Defendant alleged that removal was in accordance with 28 U.S.C. §§ 1441(a) and 1446(b), and asserted that this "Court has diversity of jurisdiction over this matter pursuant to 28 U.S.C. Section 1332." (*Id.* at 2).

As stated previously, Plaintiff filed a Motion to Remand and Defendant filed its Opposition. Subsequently, the Court issued an order directing the Plaintiff to file a Reply to the Opposition. (ECF No. 20). Plaintiff timely filed her Reply.

## II.   DISCUSSION

Plaintiff first argues that "there is no federal question in the matter;" thus, the case must be remanded back to Circuit Court. (Motion to Remand, p. 2). In its Opposition, Defendant does not respond to this argument.

It is well settled that federal district courts have limited jurisdiction, and that a court must remand a case for which it does not have subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also In Re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006). It is also well settled that federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and have original jurisdiction of a civil action where "[a] matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." *See* 28 U.S.C. §§ 1331, 1332(a)(1).

This case is before the Court based on a claim allegedly involving diversity of citizenship, not because of a federal question. (Removal Petition, p. 2). Accordingly, the Court denies the Motion for Remand to the extent that it is predicated upon a lack of federal question jurisdiction.

Next, Plaintiff avers in the Motion to Remand that Defendant is "incorporated in Maryland and cannot claim to be a 'citizen' of any state more tha[n] the State of Maryland," therefore, "[…] there is no diversity of citizenship in the matter." (Motion to Remand, p. 2). In support of her argument, Plaintiff relies on an out-of-district case and information obtained from the State Department of Assessments and Taxation's ("SDAT's") website. (*Id.*; ECF Nos. 8-1).

Because federal courts have limited jurisdiction, a party seeking to adjudicate a matter in federal court must establish "the federal court's jurisdiction over the matter." *Cunningham v. Twin City Fire Ins. Co.,* 669 F.Supp.2d 624, 627 (D. Md. 2009)(quoting *Strawn v. AT & T Mobility, LLC*, 530 F.3d. 293, 296 (4th Cir. 2006). A party that removes a matter to federal court must establish that such action is proper. And, if a plaintiff challenges a defendant's removal action, the defendant bears the burden of establishing that "removal jurisdiction is proper." *Cunningham*, 669 F.Supp.2d at 627 (citing *Strawn*, at 297).

In its removal petition, Defendant alleged that this Court has subject matter jurisdiction due to diversity of citizenship and the fact that the amount in controversy exceeds $75,000. (Removal Petition, p. 2). The Court finds that the first requirement for diversity jurisdiction has been met under 28 U.S.C. § 1332(a), as Plaintiff's Complaint seeks relief in the amount of $750,000. (Complaint, p. 4).

Next, in analyzing whether diversity jurisdiction exists, a natural person is deemed to be a citizen of the State in which he/she is domiciled. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). In addition, as is pertinent here:

3

> "a corporation shall be deemed to be a citizen of every State […] by which it has been incorporated and of the State […] where it has its principal place of business[...]"

*See* 28 U.S.C. § 1332(c)(1).[1]  Thus, a state in which a corporation is incorporated or the location of its principal place of business control the diversity of citizenship question.

Here, Plaintiff is a citizen of Maryland, so the only issue is where the Defendant is incorporated or where it has its principal place of business.  In the Removal Petition, Defendant states that its principal place of business is in Minnesota.  Removal Petition, p. 2, ¶6.  In response to the Motion for Removal, Defendant provides an Affidavit of Laura Daly ("Ms. Daly"), Vice President and General Counsel for the Retail Division at United Natural Foods, Inc. ("UNFI"), ("Affidavit").  (ECF No. 13-1).  In the Affidavit, Ms. Daly declares that "[s]ince 2008, Shoppers Food Warehouse Corp. has been incorporated in Ohio;" and "that since UNFI acquired […] Shoppers Food Warehouse Corp. in 2018, its principal place of business has been located in Rhode Island." (*Id*.).  The Court thus finds that Defendant has met its burden of demonstrating that it is not a citizen of Maryland: it is incorporated in Ohio and has a principal place of business that is not in Maryland.[2]

In sum, the Court finds that Defendant has met its burden of demonstrating that the Court has subject matter jurisdiction over the matter and that removal was proper based on diversity of citizenship. *See* 28 U.S.C. § 1332(c)(1).

---

[1] The only exception to this rule applies in cases involving a direct action against the insurer of a policy. *Id.* That circumstance does not apply here.

[2] The Court cannot explain why Defendant has represented that its principal place of business is in Rhode Island and in Minnesota. Regardless, its state of incorporation is Ohio. Indeed, in support of the Remand Motion, Plaintiff submits an extract from the Maryland State Department of Assessment and Taxation, which reflects that Defendant's "State of Formation" is Ohio, and its principal office is in Minnesota.  (ECF No. 8-1).

### III. CONCLUSION

For the aforementioned reasons, the Motion to Remand, (ECF No. 8), is **DENIED**.

An Order follows, consistent with this Memorandum Opinion.

Dated: July 10, 2024                              /s/
                                    The Honorable Gina L. Simms
                                    United States Magistrate Judge